

5277

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Judge Joseph Laplante

SECOND MOTION TO REVERSE, DISMISS YOUR

FRAUDULENT SUMMARY JUDGMENT

1. Dear Judge Laplante, the Federal Rule of Civil Procedure 12 (h) (3) states:

"If the Court lacked JURISDICTION, the Court is required to Dismiss the Action.

2. It is you Judge Laplante who is going to reverse the invalid summary judgment you allowed to Mullen for charges you knew did not exist, but for the fraud when you was ignoring my claim for an unlawful ARREST for speeding.

3. And when you knew that Mullen admitted that I was ARRESTED for in his Motion for Summry Judgment that was before you.

4. Where There can never be probable cause to arrest for speeding if it is not a crime in New Hampshire, if I was found Not guilty for speeding by the trial court judge, Patten, and when Patten admitted that my pursuit by the police was a set-up and that I was NEVER SPEEDING.

5. You had all the evidence of a Fourth amendment seizure, where there

1

was NO PROBABLE CAUSE, and where I was found NOT GUILTY.

6.     You had all this evidence before you, but you had very little interest in judging, you had your own agenda of lying, distortion, and other forms of dishonesty, which by the way is EPIDEMIC in the courts.

7.     I am going to get damages allowed me under 1983, there is NO STATUTE OF LIMITATIONS UNDER FRAUD.

8.     It is you who is going to get me a jury trial for damages for the unlawful arrest for speeding, for 2 Fourth Amendment unlawful seizures, for a violation of the Sixth Amendment Speedy Trial Clause, by the police, and for my version of a Monell claim that you are denying, where the policymaking officials, such as the PROSECUTOR directly caused the violation of my Civil rights.

9.     Where the District Court judge Magsisrate Muirhead himself explained and verified my version of a Monell claim when he stated in his Report and Recommendation Document 12 under case 1:05-cv-00259 that :

"Supervisory liability undr 1983 can be predicated on the basis of the supervisor's (proecutor and Chase) OWN ACTS ." A supervisor must be "a primary actor involved in, or behind the underlying violation. There must be an affirmative link, through direct participation".

10.    It is not the duty of Judge McCafferty to rule on your fraudulent Act, it is you who committed the Act as an individual and not as a judge, and it is you who is going to reverse and dismiss the motion for summary judgment you unlawfully allowed to Mullen, when you had no JURISDICTION as a judge to do so. A summary judgment that YOU KNEW, was based on charges that did not exist. An Act of Fraud ON /UPON the sanctity of the Court. As a Trespassor.

11.     It is you who is going to remove the disobeying a police officer criminal violation against me that is before the Department of Safety on my record due to your fraud.

12.     You are going to be responsible for your own actions.

13.     You are going to get me before a jury of my peers for my $500,000.00 demand for damages for 2 unlawful seizures against Chase and a Monell claim against the town.

14.     Or I will be forced to sue you and Mullen for one million dollars. And have the both of you disciplined.

15.     After almost 5 years of pain and suffering injuries you maliciously and intentionally caused me besides being a TRESPASSOR of the law, you caused great damage.

16.     I will not look back if you get me before a jury "immediately" for my damages allowed under 1983. And if so I will be willing to forget all the injuries you and Mullen have caused me.

17.     There is NO IMMUNITY Judge Laplante, when you lacked all jurisdiction and therefore was not acting as a judge, but as an individual, a private person.

Respectfully,

Josephine Amatucci

january 6, 2021

*Josephine Amatucci*

*Report & Recommendation of Magistrate James R. Muirhead*

I find, therefore, that she has not stated a claim against the town of Wolfeboro or its police department and I recommend that they be dismissed as defendants to this action.

5. Supervisory Liability

"Supervisory liability under § 1983 cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions." Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). A supervisor must be either "a primary actor involved in, or a prime mover behind, the underlying violation." Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999). There must be "an affirmative link, whether through direct participation or through conduct that amounts to condonation or tacit authorization." Id. at 44. Here, while Amatucci has described facts that could be liberally construed to allege that Black was supportive of Amatucci's arrest and unwilling to resolve matters directly with Amatucci, she has not alleged any facts which demonstrate that Black either directly participated in, condoned, or authorized in any way, the improper obtaining of an arrest warrant by the omission of material exculpatory information. Accordingly, I cannot find that Amatucci has alleged facts that support a cause of action against